Kevan T. Montoya
VELIKANJE, MOORE & SHORE, P.S.
405 East Lincoln Avenue
P.O. Box 22550
Yakima, WA 98901
(509) 248-6030 (Telephone)
(509) 453-6880 (Telecopier)

Attorneys for Jagrut Shah

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 11 2003

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# IN THE UNITED STATES DISTRICT COURT IN AND FOR THE EASTERN DISTRICT OF WASHINGTON AT YAKIMA

JAGRUT SHAH,

       Plaintiff,

v.

ARGUS SERVICES, INC., a Washington
Corporation and JIM SCHOENLEBER,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CY-03-3026-RHW

COMPLAINT
FOR DAMAGES
AND DEMAND
FOR JURY TRIAL

Jagrut Shah alleges:

## I. PARTIES

1.0   Jagrut Shah resides in Yakima County, Washington.  Mr. Shah's

parents are from the country of India.  Mr. Shah was born in Africa.  He is

dark skinned.  He is of the Hindu religion.  Mr. Shah is an American citizen.

Complaint for Damages                    1
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

1.1    Argus Services, Inc., (Argus Services) is a Washington corporation that

resides and does business in Yakima County, Washington.  Mr. Schoenleber

resides in Spokane County, Washington.

## II.  JURISDICTION AND VENUE

2.0    28 U.S.C. § 1331 grants the District Court jurisdiction because Mr.

Shah alleges that Argus Services violated 42 U.S.C. § 1981, 42 U.S.C. §

2000e-2(a) and 28 U.S.C. § 207(a) which create civil actions arising under

the laws of the United States.  Also, Mr. Shah alleges that Mr. Schoenleber

violated 42 U.S.C. § 1981 and 28 U.S.C. § 207(a).


2.1    The District Court has supplemental jurisdiction under 28 U.S.C. §

1367 over the state claims that are brought under Washington's Law Against

Discrimination, RCW 49.60, and under Washington's Minimum Wage Act

(MWA) because a substantial federal question exists.  Also, the state claims

form part of the same case in controversy under the United States

Constitution.


Complaint for Damages                    2
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

2.2     The Eastern District of Washington has venue under 28 U.S.C. § 1391

(a) and (b) because the defendants reside in the jurisdictional district.


2.3     Mr. Shah filed a claim with the Equal Employment Opportunities

Commission (EEOC) on or about December 16, 2002.  On February 18,

2003, the EEOC issued a Notice of Right to Sue to Mr. Shah.


### III.   FACTS

3.0     Mr. Shah began working for Argus Services in March 1995.  Argus

Services provides security services to businesses and to federal, state and

local governments.


3.1     From approximately March 1995, until March 1996, Mr. Shah worked

as an area supervisor.  In March 1996, Mr. Shah was promoted, via a title

change, to a District Manager position.  Mr. Shah performed some

management duties for Argus, but spent approximately seventy percent of his

time performing security.


Complaint for Damages                  3
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

3.2    Argus Services paid Mr. Shah overtime for hours worked in excess of

40 hours per week until approximately September 2000.  After that time,

Argus Services refused to pay overtime.  Argus Services employed Mr. Shah

after that time for more than forty hours per week, but failed to pay for the

overtime at the rate of one and one-half of Mr. Shah's pay.


3.3    Until November 2001, Mr. Shah was paid on an hourly basis, but not

paid for hours in excess of forty hours per week, even though he routinely

worked 55-65 hours per week.  Argus Services paid Mr. Shah on a salary

basis after November 2001.  In March 2002, he requested that he be allowed

to go back to an hourly basis.  Argus Services refused.


3.4    Since Mr. Shah has worked at Argus Services, Mr. Schoenleber has

been the principal shareholder and Chief Executive Officer of Argus Services.

Since approximately 1997, Mr. Schoenleber, almost on a semimonthly basis,

has referred to Mr. Shah with racial epithets on the basis of race.  In the 180

days prior to Mr. Shah filing his claim with the EEOC, Mr. Schoenleber

referred to Mr. Shah as a "camel jockey" numerous times, asked Mr. Shah

Complaint for Damages                    4
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

"where's your camel parked" numerous times, and asked him, "How many 7-

Elevens do you own?" numerous times.  He also frequently called him "rag

head" and made other disparaging remarks.  All of the comments affected Mr.

Shah and caused him severe emotional distress.  The comments also altered

his working conditions.


3.5    Prior to the 180 days before filing with the EEOC, Mr. Schoenleber

made comments to Mr. Shah that he was strip searched when he was coming

back from a trip to Las Vegas because he "looked like a terrorist from Saudi

Arabia."  Mr. Schoenleber also referred to Mr. Shah as indicated in paragraph

3.4.


3.6    Mr. Shah frequently told Mr. Schoenleber not to refer to him with

racial epithets.  Mr. Shah reported Mr. Schoenleber's epithets to Argus

Services' human resources department on numerous occasions.  The last

contact that Mr. Shah made with Argus Services' human resources was on

June 2, 2002, when he told Jean E. Kurtz that Mr. Schoenleber was referring

Complaint for Damages                    5
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

to him with racial epithets.  Ms. Kurtz said that she would take care of it.
None of Mr. Schoenleber's conduct changed after any of Mr. Shah's
complaints to Argus Services' human resources department.

3.7   On August 23, 2002, Mr. Shah complained to human resources about
Argus Services' continued failure to pay him overtime.  The same day that
Mr. Shah complained to human resources, he was having lunch with Rick
Sawyer and Roger Senecal, two managers of Argus, when Mr. Schoenleber
came to the restaurant.  Mr. Schoenleber said, among other things, cursed at
Mr. Shah.  He then said that Mr. Shah "should be lucky to have a job after
9/11!"

3.8   Mr. Shah quit Argus Services on September 6, 2002, as a result of the
continued racial harassment that he suffered from Mr. Schoenleber.  Mr.
Schoenleber's racial harassment deliberately made Mr. Shah's job so
intolerable that Mr. Shah was forced to quit.

Complaint for Damages                          6
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

3.9   All acts by Mr. Schoenleber with regard to Mr. Shah were done within the scope of his employment with Argus Services, as an officer and owner of Argus Services.

3.10  Three promotions came open during the time that Mr. Shah was working for Argus Services.  The first possible promotion was in approximately March 2000; the second in approximately February 2001; and the third was in approximately July 2002.  Mr. Shah applied for each one of the promotions and was the most qualified candidate for each position.  Argus Services promoted less qualified Caucasians instead of Mr. Shah for each position.  The promotions would have paid Mr. Shah more than he was making.

3.11 Argus Services had more than 300 employees during all times that Argus Services employed Mr. Shah.

Complaint for Damages                    7
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

## IV.  42 U.S.C. § 1981

4.0    Mr. Shah was within the jurisdiction of the United States when Argus

Services and Mr. Schoenleber refused to promote him, created a hostile work

environment and constructively terminated him on the basis of race.  Argus

Services and Mr. Schoenleber intentionally denied Mr. Shah the promotions

on the basis of race, even though he was the most qualified for the positions.

Also, Argus Services and Mr. Schoenleber created and allowed unwelcome

racial epithets and insults that were so severe and pervasive that it altered the

contracted terms of his employment and forced him to resign.  As a direct

result, Mr. Shah was denied the same opportunity to contract under 42 U.S.C.

§ 1981 as is enjoyed by white citizens.


4.1    Argus Services and Mr. Schoenleber acted with reckless or intentional

disregard of Mr. Shah's federally protected civil rights.  As a result, Argus

Services and Mr. Schoenleber are liable for punitive damages in an amount to

be proven at the time of trial.

Complaint for Damages                8
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

4.2    Mr. Shah has suffered past and future special damages, including lost wages and benefits, damages for emotional distress, costs and attorney's fees for violation of 42 U.S.C. § 1981 in an amount to be proven at the time of trial.

### V.    42 U.S.C. § 2000e-2(a)

5.0    Mr. Shah is a member of a racial and national origin minority group. Argus Services was an employer pursuant to 42 U.S.C. § 2000e.  Argus Services discriminated against Mr. Shah in terms of his working conditions by failing to promote him over less qualified Caucasian employees.  Also, Argus Services created and allowed unwelcome racial epithets and insults that were so severe and pervasive that they altered the terms of Mr. Shah's employment. They also created working conditions that were so intolerable that Mr. Shah was forced to resign.  As a direct result of the racial epithets, Mr. Shah quit Argus Services.  Mr. Shah quitting was a constructive discharge.

5.1    Argus Services acted with reckless or intentional disregard of Mr. Shah's federally protected civil rights in violation of 42 U.S.C. § 1981a.  As a

Complaint for Damages                    9
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

result, Argus Services is liable for punitive damages in an amount to be proven at the time of trial.

5.2    Mr. Shah has suffered special damages, including lost wages and benefits, damages for emotional distress, costs and attorney's fees for violation of 42 U.S.C. 2000e-2 in an amount to be proven at the time of trial.

## VI.    RCW 49.60

6.0    Argus Services and Mr. Schoenleber discriminated against Mr. Shah in the terms and conditions of his employment in violation of RCW 49.60.180(3) by creating and allowing an offensive, unwelcome work environment of racial epithets and insults against Mr. Shah.  The racial epithets and insults were because of race, color and national origin.  They affected Mr. Shah's terms of employment.

6.1    Argus Services and Mr. Schoenleber violated RCW 49.60.180(3) by failing to promote Mr. Shah over less qualified Caucasian candidates on the basis of race.

Complaint for Damages                    10
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

6.2    Argus Services and Mr. Schoenleber constructively discharged Mr.

Shah by deliberately making Mr. Shah's working environment so intolerable

that Mr. Shah was forced to resign.


6.3    As a direct result of the discrimination, Mr. Shah has suffered special

damages, including lost wages and benefits, emotional distress, costs and

attorney's fees in an amount to be proven at the time of trial.

## VII.   VIOLATION OF RCW 49.46.130, WASHINGTON'S MINIMUM WAGE ACT

7.0    Argus Services and Mr. Schoenleber were employers of Mr. Shah

pursuant to RCW 49.46.010(4).  They were covered by RCW 49.46.130(1)

of Washington's Minimum Wage Act (MWA) that requires that employees

be paid at a rate of one and one-half times the regular rate of pay for a

workweek longer than 40 hours.  Argus Services and Mr. Schoenleber

violated this requirement.


7.1    As a result of the violation of the MWA, Argus Services and Mr.

Schoenleber are liable for the amount of overtime earned by Mr. Shah. Also,

Complaint for Damages                    11
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

Argus Services and Mr. Schoenleber are liable for the full wage, less

statutory offset, costs and attorney's fees under RCW 49.46.090 and RCW

49.48.030 in an amount to be proven at the time of trial.

## VIII.    VIOLATION OF RCW 49.52.050(2)

8.0    Argus Services willfully and with intent to deprive Mr. Shah of

overtime, failed to pay him overtime as required by the laws of the state of

Washington and by the federal Fair Labor Standards Act (FLSA).  This

constituted a violation of RCW 49.52.050(2).

8.1    As a result of the violation of RCW 49.52.050(2), Argus Services and

Mr. Schoenleber are liable for double damages under RCW 49.52.070 and

attorney's fees under RCW 49.48.030 in an amount to be proven at the time

of trial.

## IX.    FAIR LABOR STANDARDS ACT

9.0    Argus Services and Mr. Schoenleber were employers of Mr. Shah under

29 U.S.C. § 203.  Mr. Shah was an employee under 29 U.S.C. § 203.

Complaint for Damages                    12
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

9.1    Argus Services and Mr. Schoenleber failed to pay Mr. Shah overtime as required by 29 U.S.C. § 207. Argus Services and Mr. Schoenleber failed to act in good faith. As a result, Argus Services and Mr. Schoenleber are liable to Mr. Shah for unpaid overtime and double damages under 29 U.S.C. § 216(b) in an amount to be proven at the time of trial. They are also liable for punitive damages in an amount to be proven at the time of trial.

## X.  DEMAND FOR JURY

10.0    Mr. Shah demands a jury trial pursuant to Fed.R.Civ.P. 38.

WHEREFORE, Mr. Shah prays for relief as follows:

1.    For damages under 42 U.S.C. § 1981 for lost pay, emotional distress, punitive damages, attorney's fees and costs against Argus Services and Mr. Schoenleber because of the improper denial of the promotions, hostile work environment and constructive discharge;

2.    If Mr. Shah may not recover damages under 42 U.S.C. § 1981, for damages under 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a against Argus Services for lost pay, emotional distress, punitive damages, attorney's fees

Complaint for Damages                    13
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

and costs because of the improper denial of the promotions, hostile work

environment and constructive discharge;

3.    For damages under RCW 49.60.030(2) against Argus Services and Mr.

Schoenleber for lost pay, emotional distress, attorney's fees and costs

because of the improper denial of the promotions, hostile work environment

and constructive discharge;

4.    For damages under RCW 49.46.090 for violation of Washington's MWA

against Argus Services and Mr. Schoenleber for overtime pay, attorney's fees

and costs;

5.    For double damages under RCW 49.52.070 for violation of the MWA

and FLSA and their implementing regulations against Argus Services and Mr.

Schoenleber.

Complaint for Damages                    14
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

6.    For damages under 29 U.S.C. § 216 for violation of the FLSA against Argus Services and Mr. Schoenleber for overtime pay, punitive damages, attorney's fees and costs;

7.    For such other and further relief as the court may deem just and equitable.

DATED this 6th day of March 2003.

VELIKANJE, MOORE & SHORE, P.S.
Attorneys for Plaintiff

By: _Kevan T. Montoya_
Kevan T. Montoya
WSBA No. 19212

Complaint for Damages          15
KTM/14379ce

Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030